UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE ANN KELLEY,<br><br>        Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Defendant. | No. 12-cv-466-JPH<br><br>ORDER ON SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment. ECF No. 16, 19. The parties have consented to proceed before a magistrate judge. ECF No. 4. After reviewing the administrative record and the parties' briefs, the court **grants** defendant's motion for summary judgment, **ECF No. 19**.

**JURISDICTION**

Kelley protectively applied for disability insurance benefits (DIB) and supplemental security income (SSI) on January 9, 2008. She alleged disability

ORDER - 1

beginning February 1, 2007 (DIB: Tr. 121-28; SSI: Tr. 129-35). Benefits were denied initially and on reconsideration (Tr. 60-63, 67-68). ALJ Louis J. Volz, III held a hearing September 24, 2010 (Tr. 41-55) and issued an unfavorable decision November 9, 2010 (Tr. 22-34). On May 22, 2012 the Appeals Council denied review (Tr. 1-5). The matter is now before the Court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review July 13, 2012. ECF No. 1, 6.

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the briefs of the parties. They are only briefly summarized as necessary to explain the court's decision.

Kelley was 41 years old at onset and 45 at the hearing. She earned a GED and has worked as a housekeeper and fast food worker (Tr. 47, 137, 157, 161). She alleged disability based on physical and mental limitations, but this appeal is limited to the ALJ's assessment of mental limitations. ECF No. 16 at 8-9. Kelley testified she was fired from her last job in January 2005 after she was caught talking about her boss. She testified substance abuse has been in remission since August 24, 2009. She has severe depression and bipolar disorder, and it bothers her to be around people. When she applied for benefits Kelley alleged her mental impairments are bipolar disorder and ADHD (Tr. 43, 47-48, 51, 156).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423 (d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process or determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If plaintiff does not have a severe

impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. §404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is

ORDER - 4

met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F.2d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423 (d)(2)(C) and 1382(a)(3)(J); *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs.

# STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980).

It is the role of the trier of fact, not this Court, to resolve conflicts in

evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

ALJ Volz found Kelley was insured through September 30, 2010 (Tr. 22, 24). At step one, he found Kelley did not work at SGA levels after onset (Tr. 24). At steps two and three, he found Kelley suffers from COPD, attention deficit hyperactivity disorder (ADHD) and borderline personality disorder, impairments that are severe but do not meet or medically equal the severity of a listed impairment (Tr. 24, 26). He found Kelley less than fully credible (Tr. 29). The ALJ opined she could physically perform the full range of light work. Mental limitations include the ability to understand and complete one and two-step instructions, carry out superficial tasks and those involving minimal contact with

others (Tr. 31, 33).  At step four ALJ Volz found Kelley is able to perform her past relevant work as a housekeeper (Tr. 32). Accordingly, the ALJ found Kelley has not been disabled from onset through the date of the decision, November 9, 2010 (Tr. 33-34).

## ISSUES

Kelley alleges the ALJ erred when he analyzed the evidence of mental limitations. ECF No. 16 at 8-14. The Commissioner responds that the ALJ's reasoning is free from harmful legal error and supported by the evidence. She asks the Court to affirm. ECF No. 19 at 18.

## DISCUSSION

**A. Credibility**

Kelley does not challenge the ALJ's credibility assessment. The Commissioner asserts any argument has been waived as a result. ECF No. 19 at 11 n. 2.

The Commissioner is correct. The failure to challenge a claimant's negative credibility finding on appeal waives any challenge. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008). Because the ALJ's reasons for finding Kelley less than credible bear on his assessment of the conflicting evidence, the court briefly considers the determination. Here, the ALJ's reasons are clear, convincing and supported by substantial evidence.

Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005). It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Once the claimant produces medical evidence of an underlying impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reason for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Test results showed Kelley over-reported symptoms and gave "less than forthright" responses. She worked for years with mental impairments, including while abusing drugs and alcohol. Kelley failed to explain or inadequately explained her failure to follow recommended treatment, including taking prescribed medication, even though she acknowledged medication helped greatly. Kelley inconsistently reported drug use (Tr. 29-31, 238, 246, 258, 260, 264, 270, 273, 309, 313-14, 332, 361, 367-68, 379, 386, 394, 400-01, 433, 438, 442-44, 455, 502-03, 594, 604, 625, 689). The ALJ's reasons for the credibility determination are clear, convincing and supported by substantial evidence. *Thomas v. Barnhart*,

278 F.3d 947, 958-59 (9th Cir. 2002) (proper factors include inconsistencies between statements and conduct); An unexplained or inadequately explained failure to follow recommended treatment casts doubt on a claimant's credibility. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Substantial evidence supports the ALJ's credibility assessment.

**B. Psychological limitations**

Kelley alleges the ALJ erred when he weighed the evidence of psychological limitation, specifically, by failing to properly credit the opinions of two examining psychologists: W. Scott Mabee, Ph.D., and David Pounds, Ph.D. ECF No. 16 at 9-14. The Commissioner answers that the ALJ properly weighed Dr. Pounds' opinion and largely credited Dr. Mabee's. ECF No. 19 at 10-17.

In June 2008 [about 16 months after onset] Dr. Pounds opined Kelley is unable to work. He also opined the prognosis for returning to work appears guarded given Kelley's periodic stoppage of medication (Tr. 361). The ALJ rejected the conclusion Kelley is unable to work because it appears to be based largely on Kelley's unreliable self-report, a specific and legitimate reason (Tr. 27). An ALJ may reject an examining doctor's contradicted opinion if he provides "specific and legitimate reasons" supported by substantial evidence. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007)(citations omitted). A physician's opinion of disability "premised to a large extent upon the claimant's own accounts of his

ORDER - 10

symptoms and limitations" may be disregarded where those complaints have been "properly discounted." *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 10999), citing *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989) and *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433-34 (9th Cir. 1988).

Treating doctor Hal Gillespie, M.D., managed Kelley's medications. His notes do not consistently support more severe limitations. *See e.g.*, Tr. 237 (bipolar disorder moderate); Tr. 241 (doing well except for lack of physical activity and increasing obesity; diagnoses: bipolar disorder moderate, ADHD and opioid dependence); Tr. 401 (Kelley tells Dr. Gillespie she has "improved greatly" following medication change; he diagnoses bipolar disorder improved); Tr. 429 (bipolar disorder diagnosed as severe; reports is engaged to be married) and Tr. 444 (bipolar disorder in remission)

Dr. Mabee and Amy Robinson, MS, evaluated Kelley October 9, 2007 (Tr. 325-334, Exhibit 6F). There were no records for review (Tr. 329). Dr. Mabee diagnosed, in part, cocaine dependence in sustained partial remission (Tr. 326). He assessed a number of marked and moderate limitations (Tr. 326-27). Kelley's MMPI-2 results were deemed invalid because she "may not have answered in a completely forthright manner" (Tr. 332). He opined mental problems make it unlikely Kelley would be able to sustain gainful employment for the next twelve

months (Tr. 333).  The ALJ is skeptical of Dr. Mabee's opinion because Kelley's responses indicate less than full candor.

Dr. Mabee [and Steven Erickson, M.Ed., LMHC] evaluated Kelley for the second time in September 2008 (Tr. 205-14; Exhibit 11E). Mabee again assessed marked and moderate limitations. He assessed cocaine dependence in full sustained remission and opined there was no indication of substance abuse (Tr. 206-07). This is apparently based on Kelley's statement that as of September 12, 2008 she had used no illegal drugs or alcohol for 19 months (Tr. 210). However, Kelley tested positive for opiates and alcohol on June 6, 2008 (Tr. 368), and on August 28, 2008 for opiates (Tr. 379).

Mabee performed a third evaluation in August 2009 (Tr. 217-24). He notes she presented as if "over-medicated or using some substance," and recommended a DAA evaluation with possible random UA screens (Tr. 224). Dr. Mabee evaluated Kelley for the fourth and final time August 26, 2010 (Tr. 549-55). He diagnosed, in part, cocaine and opioid dependence in sustained full remission, per Kelley's report (Tr. 552). Some test results were "questionably valid" (Tr. 555).  The ALJ adopted Dr. Mabee's assessment that Kelley is able to understand, remember and carry out simple instructions (Tr. 33, 553).

The ALJ properly relied on the records of Dr. Gillespie, a treating doctor, some of Dr. Mabee's opinion and Kelley's diminished credibility when he gave

less weight to Dr. Pounds' opinion as an examining source.

The ALJ's decision is supported by substantial evidence. The ALJ's findings must be upheld if, as here, they are supported by inferences reasonably drawn from the record. *See Tommasetti v. Astrue*, 533 F.3d 1050, 1038 (9th Cir. 2008). Although Kelley alleges the ALJ should have weighed the evidence differently, the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED**:

1. Defendant's motion for summary judgment, **ECF No. 19**, is **granted.**

ORDER - 13

2. Plaintiff's motion for summary judgment, ECF No. 16, is denied.

The District Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant, and **CLOSE** the file.

DATED this 18th day of December, 2013.

<u>s/James P. Hutton</u>

JAMES P. HUTTON

UNITED STATES MAGISTRATE JUDGE

ORDER - 14